UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GRISELDA HERNANDEZ,

                         Plaintiff,

          -against-

ISMALDY DE LA ROSA; MIDALMY DE LA
ROSA,

                         Defendants.

1:23-CV-4221 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

     Plaintiff Griselda Hernandez, who is appearing *pro se*, filed this action invoking the court's federal question jurisdiction. She sues Ismaldy de la Rosa and her daughter, Midalmy de la Rosa. By order dated May 23, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reason discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

     The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

In Plaintiff's complaint, which is difficult to understand, Plaintiff invokes the court's federal question jurisdiction, and states the following as to the federal constitutional or statutory bases for her claims:

> Ismaldy de la Rosa and Midalmy they're sending everything functionary of N.Y. State, v.s. followed my and my daughter is the daughte[r] of the functionary of state NYC of America , v.s. what represent ev[ery]thing famous and the president statal of U.S. is Kelvin Espinosa is Manolo Brito Represent Rialitcia [*sic*] of Malwin Espinosa Represent [baseball and] Met[s].

(ECF 1, at 2.) She also alleges that the events that are the bases for her claims have occurred between 2019 and the present, in her Manhattan apartment.

Plaintiff further alleges the following in her complaint's statement of claim:

> In 2018, I have [an accident] MTA Ismaldy de la Rosa and Midalmy daughter she is live 180 Edgecombe Ave. . . . And at hers [f]amily sent [e]verything [f]untionary [*sic*] 2019 to my daughter Nathaly she got [D]own syndrome[] and she have 22 years old. And I live 180 Edgecombe Ave. . . . My I'm Griselda [Hernandez]. and she Ismaldy de la Rosa and Midalmy is her daughter. . . . They're call for internet calling at everything [f]untionary [*sic*] of New Yor[k] S[t]ate. Come to [fo]llowing with my daughter an at m[e] and I [G]riselda 11 months Nathally Hernandez. Ismaldy de la Rosa and Midalmy ha[t]ed everything mechanic electronic machine. [Throw] at my daughter's house. Ismaldy de la Rosa and Midalmy. She is harras[s]me[n]t at Griselda Hernandez. I don't know[] at her anything her daughter Midalmy and she live [at] 180 Edgecombe Ave. . . . In 2019 and 2020, I don't know what she said she talking lying [to] me. The [f]untionary [*sic*] [f]ollowing my and they're come to [Santo Domingo, Dominican Republic] and Villa Altagracia. Eve[ry]thing [f]utionary [*sic*] of the Ismaldy de la Rosa and Midalmy. Of the kill my daughter in Villa Altagracia my daughter is the [f]ather Manolo Brito the Kelvin Espinosa [r]epresent city bike of America N.Y. The [r]ealitcia [*sic*] Malwin Espinosa [baseball] Met[s].

(*Id.* at 5-6.)

In the injuries section of her complaint, Plaintiff additionally asserts the following:

> Ismaldy de la Rosa and Midalmy she is daughter Ismaldy. They're has my daughter Nathaly Hernandez and the [f]athe[r] has Manuel de Jesus [B]rito

> Campusano is Kelvin Espinosa [r]epresent [e]verything . . . United State[s] city bike Rialitcia [*sic*] Malwin[] Espinosa.

(*Id.* at 6.)

Plaintiff alleges the following in the relief section of her complaint:

> When I come back [to Santo Domingo]. January 12, 2021. They're [f]unctionary coming with and my daughter Nathaly Hernandez 4 people of Ismaldy de a Rosa I think their ha[t]ing there kill my daughter airpla[ne]. Of the safety true men service me. He do tr[y] kill my daughter Natha[l]y [and] his [f]ather Mailwin [E]spinosa[] but Manolo Brito and airpla[ne] the three 3 am kyly [*sic*] he did she coming up and alive. In now she know [where] is. She know my daughter Ismaldy de la Rosa and Midalmy. [T]he 4 people in the airpla[ne] is [A]dri she working oinbrella [*sic*] apple . . [A]dri too French Ismaldy de la Rosa [and] [A]dri. Fire man. [A]dri [h]usband too Midalmy. They're she do the [f]untionary of the United State[s]s beli[e]ve what she said. And talk [lying] with me. [A]lways she talk [lying] . . . Ismaldy de la Rosa and Midalmy. I'm demand Ismaldy de la Rosa Midalmy because they[']re take my big demand of N.Y. N.Y. State and she want the other demand [f]rom [Turks and Caicos] where the airpl[ane] get arrive provinciales [*sic*]. [Turks and Caicos]. Manuel de Jesus [B]rito Campusano have my demand may daughter Nathaly Hernandez his daughter Monolo Brito Kelvin [E]spinosa the [r]ealitcia [*sic*] Melwin [E]spinosa.

(*Id.* at 7.)

Plaintiff also alleges the following:

> Ismaldy de la Rosa said. For [i]nternet she . . . adore my daughter Nathally Hernandez and she clean the system Nathaly in putting other name. . . . [T]he Nathally [Hernandez] she c[heck] out everything the system. They're had my daughter. My Griselda [Hernandez] her mother took my daughter diet I know my daughter alive. I write this letter because Ismaldy de la Rosa is my [r]ival. And Midalmy my daughter is bad[] my too much and her house I saw my daughter Nathaly [at] 145[th Street] on the train station with the lady work in borehead [*sic*]. I don[′] see my daughter anymore. Manolo [B]rito have my daughter give my daughter Griselda [Hernandez]. [T]he situation is Ismaldy de la Rosa and Midalmy. Kelvin [E]spinosa is of the [r]ealiticia Malwin [E]spinosa Manuel de Jesus [B]rito Campusano live over there 180 Edgecombe. . . .

(*Id.* at 9.)

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, subject matter jurisdiction is

available only when a "federal question" is presented or, when asserting claims under state law under a federal district court's diversity jurisdiction, when the plaintiff and the defendants are citizens of different States and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under federal question jurisdiction if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)) (internal quotation marks omitted). Mere invocation of federal question jurisdiction, without any facts demonstrating a federal law claim, does not create federal question jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff has not alleged facts showing that this Court can consider her claims under its federal question jurisdiction. Plaintiff's allegations, to the extent that the Court can understand

them, appear to describe incidents in which Plaintiff's neighbors, Defendant Ismaldy de la Rosa, her daughter, Defendant Midalmy de la Rosa, and, perhaps, others threatened, harassed, or possibly assaulted Plaintiff and her daughter, Nathally Hernandez. Claims arising from such allegations are usually brought under state law, not federal law.

To the extent that Plaintiff asserts claims under state law, she does not allege facts sufficient to show that the Court has diversity jurisdiction of this action. To establish diversity jurisdiction, a plaintiff must first allege that she and the defendants are citizens of different States. *See* 28 U.S.C. § 1332(a); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where the individual "has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual has, "[a]t any given time, . . . but one domicile." *Id.*

Moreover, for diversity jurisdiction, the plaintiff must also allege to a "reasonable probability" that her claims are in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff seems to assert that both she and the defendants are citizens of the State of New York, as both she and the defendants appear to reside in the same apartment building, in New York, New York. (ECF 1, at 3-4.) Thus, she does not show that the parties are diverse. Plaintiff also does not allege facts showing that her claims satisfy the jurisdictional amount, an amount in

excess of the sum or value of $75,000. The Court therefore dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment as to this action.

SO ORDERED.

 Dated:   July 17, 2023
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge